# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL CASE NO. 1:10cr14

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **O R D E R** |
| RONALD A. RUDISILL, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Return Property [Doc. 21], filed on May 17, 2012.

## I. PROCEDURAL BACKGROUND

On February 4, 2010, the Defendant was charged in a Bill of Indictment with possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). [Doc. 1]. He was arrested on that charge on March 17, 2010. At that time, DEA special agents seized $2,940.00 from his person. [Declaration of John Hieronymus ("Hieronymus Decl."), Doc. 25-1 at ¶ 4(a)]. The Defendant eventually pleaded guilty to the charge as set forth in the Indictment, and he was sentenced to 120 months of imprisonment on August 29, 2011. [Docs. 9, 18]. The Indictment did not include a notice pursuant to

Fed. R. Crim. P. 32.2 of the Government's intent to forfeit any property [Doc. 1], and the Judgment contains no provisions ordering forfeiture of any property as a result of the Defendant's conviction [Doc. 18].

The DEA initiated an administrative forfeiture of the $2,940.00 seized from the Defendant pursuant to 18 U.S.C. § 983. On April 7, 2010, the DEA sent written notice of the seizure, by certified mail, return receipt requested, to several addresses associated with the Defendant. [Hieronymus Decl., Doc. 25-1 at ¶¶ 4(b)-(e), Exs. 1-8]. On April 19, 2010, the seizure of the property was published in the Wall Street Journal, a newspaper of general circulation in the Western District of North Carolina. The notice was published once each week for three successive Mondays: April 19, 26, and May 3, 2010. [Id. at ¶¶ 4(f), Ex. 9].

After verifying the Defendant's incarceration status, on April 30, 2010, the DEA sent written notice, by certified mail, return receipt requested, to the Defendant at the Caldwell County Detention Center. [Id. at ¶ 4(g), Exs. 10, 11]. On May 3, 2010, an individual whose name appears to be "H Watson" signed for and accepted delivery of this notice. [Id.]. This notice provided the Defendant until June 4, 2010 to file a claim.

On May 17, 2010, the DEA received a claim from the Defendant for the seized property. [Id. at ¶ 4(h), Ex. 12]. The DEA rejected this claim and sent the Defendant a letter, sent by certified mail, return receipt requested, explaining the claim's deficiencies and providing the Defendant additional time to correct the identified defects. [Id. at ¶ 4(i), Ex. 13]. Delivery of this letter was accepted on May 27, 2010. [Id. at ¶ 4(i), Ex. 14].

On June 9, 2010, the DEA received a petition for remission or mitigation of forfeiture from the Defendant. [Id. at ¶ 4(j), Ex. 15]. The DEA acknowledged receipt of the petition on June 16, 2010. [Id. at ¶ 4(k), Exs. 16, 17]. On July 15, 2010, after there had not been any properly executed claim received, and after the time limit for filing said claim expired, the $2,940.00 in U.S. currency was forfeited to the United States pursuant to 18 U.S.C. § 1609. [Id. at ¶ 4(l)]. On September 10, 2010, the DEA denied the Defendant's petition for remission or mitigation of forfeiture. A letter, sent by certified mail, return receipt requested, notified the Defendant of the decision and his option to file for reconsideration. [Id. at ¶ 4(m), Ex. 19]. On September 20, 2010, the person identified as "H Watson" again signed to accept delivery of this letter. [Id., Ex. 20].

On May 17, 2012, the Defendant filed the present motion pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure, seeking the return of the $2,940.00 in U.S. currency that the DEA seized from his person during his arrest. For grounds, the Defendant argues that the Government "did not and never initiated forfeiture proceedings with respect to the seized property ...." [Doc. 21 at 2]. He further contends that the Government has never shown that the seized property was obtained through criminal activity. [Id.].

## II. ANALYSIS

"[T]he United States may, without resort to judicial proceedings, issue a declaration of forfeiture for property worth less than $500,000 that is otherwise subject to criminal forfeiture." United States v. Minor, 228 F.3d 352, 354 (4th Cir.2000); see also 21 U.S.C. § 881(d) (providing that summary forfeitures under drug laws will be governed by provisions of law applicable to such forfeitures under customs laws). To effect a nonjudicial or administrative forfeiture, the Government is required to publish notice of its intention to declare forfeiture of the seized property and provide written notice to any interested parties. Minor, 228 F.3d at 354; 19 U.S.C. § 1607. The Government may declare the property forfeited if, within 20 days of the first publication of the notice, no person files a claim for the property. Minor, 228

4

F.3d at 354; 19 U.S.C. § 1609.  If a claim is filed, the government may seek forfeiture of the property only through judicial proceedings.  Minor, 228 F.3d at 354; 19 U.S.C. § 1608.

Thus, "[a]dministrative forfeitures empower the government to take ownership of property without resort to any judicial proceeding whatsoever[.]" Id. at 359.  Because such proceedings "plac[e] due process rights at particular risk," however, a party may file a claim in equity challenging an administrative forfeiture.  Id.; Ibarra v. United States, 120 F.3d 472, 474 n.4 (4th Cir. 1997) ("once an administrative forfeiture is completed, district courts retain jurisdiction to review the forfeiture to determine compliance with due process or procedural requirements"); see also Dusenberry v. United States, 534 U.S. 161, 167, 122 S.Ct. 694, 151 L.Ed.2d 597 (2002) (noting that the Due Process clause of the Fifth Amendment requires the Government to provide notice and an opportunity to be heard when property is seized through administrative forfeiture).

In the present case, the Defendant does not contend that the administrative forfeiture of his property violated any procedural or due process requirements.  In substance he simply contends that the administrative forfeiture did not occur.  The contrary, however, is clear from the record.

5

Nevertheless, the Court has reviewed the record to determine whether the Defendant received sufficient notice and an opportunity to be heard in the administrative forfeiture proceeding. The Declaration submitted by the Government in support of its Response, together with the Exhibits attached thereto, demonstrates that the DEA mailed a notice of the administrative forfeiture to the Defendant after verifying the location of his incarceration and that this notice was signed for on behalf of the Defendant. The Defendant himself later responded twice to the DEA's correspondence: first by filing a claim, which was rejected as defective, and second, by filing a petition for remission or mitigation, which was denied. Based on the evidence presented, the Court concludes that the Defendant was afforded due process and a meaningful opportunity to be heard in the administrative forfeiture proceeding. For these reasons, the Court is unable to grant relief to the Defendant.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Return of Property [Doc. 21] is **DENIED**.

    **IT IS SO ORDERED.**

Signed: June 28, 2012

Martin Reidinger
United States District Judge